## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER A. IRELAND**, | : | **CIVIL ACTION NO. 1:10-CV-0246** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DONNA JO MCDANIEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of March, 2010, upon consideration of the report of the magistrate judge (Doc. 9), recommending that the above-captioned matter be transferred to the Western District of Pennsylvania, and, following an independent review of the record, it appearing that plaintiff's complaint stems from incidents which occurred in Allegheny County, and that Allegheny County is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania, see 28 U.S.C. § 118(c), and it further appearing that in the interest of justice a district court has the authority to "transfer any civil action to any other district or division where it might have been brought," see id § 1404(a); Lafferty v. St. Reil, 495 F.3d 72, 82 (3d Cir. 2007), and that plaintiff has not filed objections to the magistrate judge's report and recommendation, and the court concluding that

there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1.  The report and recommendation (Doc. 9) of the magistrate judge is ADOPTED.[2]

2.  The above-captioned matter is TRANSFERRED to the United States District Court for the Western District of Pennsylvania.

3.  The Clerk of Court is directed to CLOSE this case.

　S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

[2] Plaintiff has also filed a motion (Doc. 2) to proceed *in forma pauperis*. The court will refrain from ruling on this motion in light of its decision to transfer the above-captioned matter to another tribunal.